**Rahn JACKSON et al., Plaintiffs,**

v.

**MICROSOFT CORP., Defendant.**

No. Civ.A. 00–1457 TPJ.

United States District Court,
District of Columbia.

March 12, 2001.

Roy J. Bucholtz, Reston, VA, Tricia Purks Hoffler, Gary, Williams, Parenti, Stuart, FL, for Rahn D. Jackson, plaintiff.

Roy J. Bucholtz, Reston, VA, for Derrick Washington, Tanya D. Barbour, Jozette Joyner, James Pipkins, Pamela Odom, Chima Echeruo, plaintiffs.

Richard H. Sauer, Microsoft Corporation, Law Department, Redmond, WA, Ellen Moran Dwyer, George David Ruttinger, Crowell & Moring, L.L.P., Washington, DC, for Microsoft Corporation, defendant.

## MEMORANDUM AND ORDER

JACKSON, District Judge.

In this Title VII class action by African–American employees against their employer, Microsoft Corporation ("Microsoft"), plaintiffs allege prolonged and systemic discrimination by Microsoft against members of their race in the terms and conditions of their employment.

Microsoft has moved for my recusal as the presiding judge in this case pursuant to 28 U.S.C. §§ 144 and 455. These statutes require, *inter alia*, the disqualification of a judge in any proceeding in which his impartiality might reasonably be questioned, as well as when he has a personal bias or prejudice concerning a party. The ground asserted for my recusal is my alleged personal bias or prejudice against Microsoft derived from my having earlier presided over a consent decree enforcement proceeding, followed by two consolidated antitrust cases against the corporation, Civil Action Nos. 98–1232 and 98–01233, now on appeal (the *"Microsoft* cases").[1] The motion for recusal is supported by an affidavit of bias or prejudice sworn to by Thomas W. Burt, Esq., deputy general counsel of Microsoft, who actively participated in all proceedings of the *Microsoft* cases at the trial level. Mr. Burt avers, correctly, that plaintiffs' Second Amended Complaint herein "contend[s] that Microsoft's entire corporate structure was responsible for the purported discrimination" and "puts at issue actions taken at the highest levels of Microsoft's corporate management." Burt Aff. ¶ 6. Quoting from various public statements about Microsoft attributed to me, Mr. Burt asserts that "they reflect opinions about Microsoft and its senior management ... that would cause a reasonable person to believe that [I have] a personal bias against Microsoft" that would render me unable "to evaluate impartially the testimony of Microsoft witnesses who will appear ... in this action." *Id.* ¶ 7.

I knew nothing about Microsoft Corporation prior to the random assignment to my calendar of the consent decree case in the summer of 1995 following a remand from the D.C. Circuit. I have learned nothing about it since other than through the ensuing judicial proceedings.

From the fall of 1997 until the summer of 1999, most of my judicial time was devoted to evaluating evidence in the consent decree proceedings and the trial of the antitrust actions. I was presented with testimony from numerous "senior management" officials of Microsoft—in affidavits; orally in open court; and by

---

**1.** None of the grounds requiring recusal by 28 U.S.C. § 455 except apparent personal bias or prejudice are present or alleged.

videotaped deposition. Much of it proved, time and again, to be inaccurate, misleading, evasive, or transparently false.

Over the course of those prior proceedings, I formed unfavorable judgments as to the lawfulness of Microsoft's business practices. Those judgments are fully reflected in my several opinions in those cases. I also formed—and retain—a further impression of Microsoft, also evident, I believe, from my opinions as well as from any public statements attributed to me after the trial. That impression is of a company with an institutional disdain for both the truth and for rules of law that lesser entities must respect. It is also a company whose "senior management" is not averse to offering specious testimony to support spurious defenses to claims of its wrongdoing.

 The Supreme Court has stated in *Liteky v. United States*, 510 U.S. 540, 551, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994), that "opinions held by judges as a result of what they learned in earlier proceedings" cannot be characterized as either "bias" or "prejudice."

> The judge who presides at a trial may, upon completion of the evidence, be exceedingly ill disposed towards the defendant, who has been shown to be a thoroughly reprehensible person. But the judge is not thereby recusable for bias or prejudice, since his knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings, and are indeed sometimes (as in a bench trial) necessary to completion of the judge's task.

*Id.* at 550–51, 114 S.Ct. 1147. Only if the judge's opinions reflect "deep-seated and unequivocal antagonism that would render fair judgment impossible" in such circumstances is recusal required for actual personal bias or prejudice. *See Liteky*, 510 U.S. at 556, 114 S.Ct. 1147. I do not believe my lingering impressions of Microsoft rise to that level. I must acknowledge, however, that extra-judicial comments attributed to me, when viewed in light of the public disapproval thereof expressed by the court of appeals at oral argument of the *Microsoft* cases appeal, have created an appearance of personal bias or prejudice.

For the foregoing reasons, therefore, it is this 12th day of March, 2001,

ORDERED, that the motion of defendant Microsoft Corporation for my recusal is granted; and it is

FURTHER ORDERED, that this case is returned to the Calendar Committee for random reassignment.